Cross, J. Various exceptions are taken upon demurrer to the return made in obedience to the command of the alternative writ. First, it is objected that “ The said Sebron G. does not state with sufficient certainty that he was not before his said election as judge retained by said Koontz as one of his attorneys and solicitors; or that he was not a partner of one or more of said attorneys, who were retained and signed the said bill of said Koontz.” 2d, That “said return neither admits or denies that he the said Sebron G., judge as aforesaid, when the said cause came on to be heard in May 1845, refused to take jurisdiction thereof or try the same and ordered it to be continued on account of his interest therein.” 3d, That “said return does not attempt to respond to the allegation in said alternative writ of mandamus, thatat the November term 1845, said suit was still pending, and that he the said Sebron G. presiding as judge therein refused to take jurisdiction of said cause for that he was interested therein, and continued it.” 4th, That “said return admits that he, the said Sebron G. as such judge, has refused to certify said cause to the Governor as aforesaid, when by the constitution and laws of the State, it was his sworn duty so to certify the sameand lastly, that “ said return furnishes no excuse under the statute requiring exchanges of circuits in this, that it does not show that the said Sebron G. complied with such statute; and if he did the neglect of the other judge to respond, and his alleged absence made it incumbent on the said Sebron G. as such judge even under that statute to certify said cause to the Governor.” Of these objections the three first relate to the disqualification of the judge on the ground of interest, and his refusal to preside on the trial of the cause; both of which are, we think, sufficiently shown. The fourth and last have reference to the means of a trial and determination o.f the cause. On this subject, under the provisions of an act approved 3d Feby. 1843, it is enacted that the “Judges of the third and fourth” “judicial circuits” “of this State shall exchange circuits and hold courts for each other when such exchange shall be necessary,” &c. and “ that whenever the judge in any judicial circuit in the State shall be by law disqualified from presiding on the trial of any cause or causes pending in any of the circuit courts in his circuit, it shall be the duty of such judge to notify the judge with whom by this act he is authorized to exchange of the same by a notice in writing requesting said judge temporarily to exchange circuits with him, or to hold courts for him,” &c, “and thereupon it shall be the duty of the judge thus notified, to make known in writing to the judge thus requesting such exchange, whether he will comply with said request, and what courts he will hold for him, if any ; and should such judge decline or refuse to hold said court or courts for any cause whatever, or should he be absent from the State, it shall be the duty of the judge of the circuit to certify the cause or causes from presiding in which he may be disqualified by law, to the Governor of the State, and the Governor shall immediately commission,”&c.- See Session Acts 1842-3, p. 127. This being a remedial enactment must have the benefit of a liberal construction in reference to the objects contemplated by the legislature, which evidently were to secure and expedite the administration of justice. Thus regarded, a judge legally disqualified to preside on the trial of a cause in any court of his circuit, is surely bound to give the notice required in a reasonable time after ascertaining such disqualification, which time we think would terminate with the close of the first court held in his circuit in which such cause was pending. The return does not show when this notice was given and is therefore defective. Supposing it however to have been duly given, after allowing the time necessary for its transmission, and for the judge notified to make known his detei--mination, if no answer were received the judge so disqualified was fully authorized and required to regard the exchange of circuits as having been declined, and immediately thereafter should have certified the cause to the Governor of the State for his action. The return made to the writ in question, bearing on this branch of the subject, states that “two propositions” were made “ to the judge of the 3d judicial circuit to interchange ridings as required by the statute, that said judge might hold the courts and try the cases in the 4th judicial circuit in which the respondent was interested as attorney or otherwise, that notwithstanding two several propositions have been made respondent has been unable to receive any answer owing to the supposed fact of his (the judge of the 3d circuit) absence.” It appears in a preceding part of the return that the cause complained of “ came on to be heard some time in the month of May 1843.” From that time, if the notice was then given as we think it ought to have been, until July of the present year (the date of the return) no answer was received, nor wms the cause certified to the Governor. The return is clearly defective in showing no sufficient cause for this extraordinary delay in affording the parties the means of a trial and determination of their cause by certifying the same to the Governor of the State for his action under the provisions of the act on that subject before referred to. The demurrer must therefore be sustained and a peremptory mandamus awarded.